## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

       Plaintiff,

vs.                                              No. 1:21-cv-00837-KWR-LF

U.S. PUBLIC DEFENDERS OFFICE,
AMANDA SKINNER, personally,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. §§1915A and 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Civil Complaint filed by Plaintiff Star Joseph.  (Doc. 1).  The Court will dismiss the Civil Complaint for failure to state a claim, for lack of standing, and as frivolous and malicious, will impose a "strike" under 28 U.S.C. § 1915(g), and will enter final judgment.

### I.  Procedural and Factual Background

Plaintiff Star Joseph is a federal pretrial detainee at the Cibola County Correctional Center. (Doc. 1 at 5).  This is one of a number of civil cases filed by Plaintiff.  *See, e.g., Joseph v. U.S. Attorney's Office,* CV 21-00836 WJ/KRS; *Joseph v. Albuquerque Police Department,* CV 21-00838 KWR/GJF; *Joseph v. Johnson,* CV 21-00895 RB/KK; *Joseph v. U.S. Public Defenders Office*, No. CV 21-00903 MV/GJF; and *Joseph v. United States Attorneys Office*, CV 21-00904 JCH/KBM.   Plaintiff Joseph filed his Civil Complaint on August 26, 2021.  (Doc. 1). In the Civil Complaint, Plaintiff purports to sue the Federal Public Defender and his court-appointed FPD counsel for his criminal case, No. CR 17-02483 KG.  (Doc. 1 at 1-3).  Plaintiff did not pay the civil filing fee and did not submit an application to proceed *in forma* pauperis under 28 U.S.C. § 1915. Paradoxically, Plaintiff did file a Motion to Appoint Counsel, asking the Court to provide him a court-appointed attorney at the Court's expense.  (Doc. 2).

Plaintiff Joseph also filed an Objection to Cure Notices (Doc 5), claiming that he did not need to cure the form of the complaint in this case because he is proceeding under the "RICO Act" and that all of his cases should be referred to a military tribunal because the country is in a state of war.  (Doc. 5).  Plaintiff did file an Application to Proceed in District Court Without Prepayment of Fees or Costs on September 16, 2021. (Doc. 4).  The Court granted the Application to Proceed on September 29, 2021 and ordered Plaintiff to make an initial partial payment of the filing fee within 30 days.  (Doc. 7).  To date, Plaintiff has not made the initial partial payment.

On October 1, 2021, Plaintiff filed a Motion to Proceed Pro Se.  (Doc. 8).  In his Motion, Plaintiff claims that court-appointed counsel cannot represent him due to a lack of contract and a conflict of interest.  (Doc. 8).  Therefore, he seeks to withdraw his Motion to Appoint Counsel (Doc. 2) and to be allowed to proceed pro se.  (Doc. 8 at 1).  On October 4, 2021, Plaintiff Joseph filed a Motion to Serve Subpoenas and Complaints (Doc. 9), asking the Court to issue and serve process on the Defendants in this and several other cases he has filed.  (Doc. 9 at 1-2).

Plaintiff's Complaint, in its entirety, makes the following allegations:

"Defendant does not adequately represent Plaintiff, thereby, denying Plaintiff the right to a fair trial and a right to due process.
     The Defendant has a contract with the United States, the Plaintiff, in the criminal case against the Plaintiff listed above.  The Defendant is loyal to the entity that pays it because the entity, the United States, is responsible for the livelihood of the Defendant.
     Plaintiff also does not have a contract with the Defendant, therefore, the Defendant is not loyal to the Plaintiff.  Also, the Defendant cannot serve two masters.  This creates an extreme conflict of interest and indicates the U.S. Public Defender's Office is part of a Racketeering Influenced Corrupt Organization in violation of the RICO Act, 18 USC 1962, and the Defendant is committing Major Fraud Against the people of the United States, 18 USC 1031.  The Defendant has been given evidence of the surety bond fraud scheme documenting that there are no surety bonds for elected officials at the N.M. Secretary of State's Office as required by law, NMSA 10-2-7; and Defendant has not reported the crime to a judge or law enforcement.  This is a crime, Misprision of Treason, 18 USC 2382.  This is punishable by 7 years in prison.  This is also considered advocating for the overthrow of the government, 18 USC 2385, which carries the maximum sentence of 20 years in prison.  In addition the Defendant has derilicted its duty of public

office, another crime.

RICO, are enemies of the people of the United States.  Defendant is adhering to, giving aid and comfort to the enemy RICO.  This is textbook treason, 18 USC 2381, with a maximum penalty to suffer death.

Plaintiff understand the Defendant, the United States, is using Null and Void laws to get guilty pleas from poor people by violation of the Dick Act of 1902, 2nd Amendment of the U.S. Constitution, and Marbury v. Madison, and the Supremacy Clause of the U.S. Constitution.

Plaintiff seeks the seizing of the assets of the Defendant's employees for their involvement in a RICO and allowed by the RICO Act, and President Trump's Executive Order dated 12-21-2017, seizing the assets of those involved in corruption.

Plaintiff seeks the revocation of the Defendant's employees law licenses based on the seriousness of the crimes Defendant has committed.

Plaintiff seeks $5 Million in punitive damages for Major Fraud with a RICO escalation of 3 times $5 Million for a total of $20 Million."

(Doc. 1 at 1-3).

## II.  The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Joseph is proceeding pro se and *in forma pauperis*.  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would

also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### III.  Analysis of Plaintiff Joseph's Claims

Plaintiff Joseph insists that his claims are brought under the "RICO Act."  (Doc. 1, 5). However, he makes vague allegations of violation of federal constitutional rights. (Doc. 1 at 1). Regardless of whether Plaintiff Joseph's Complaint is characterized as a RICO complaint or a prisoner civil rights complaint, the Civil Complaint fails to state a claim for relief.  The Court also concludes that the Civil Complaint is frivolous and malicious.  The Court will dismiss the Civil Complaint without leave to amend and will impose a strike under 28 U.S.C. § 1915(g).

### A.  RICO Act Claims:

Plaintiff Joseph argues that his Civil Complaint is brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (Doc. 1, 5).  Plaintiff makes vague allegations that Defendants are part of a RICO because "[t]he Defendant has been given evidence of the surety bond fraud scheme documenting that there are no surety bonds for elected officials at the N.M. Secretary of State's Office as required by law, NMSA 10-2-7; and Defendant has not reported the crime to a judge or law enforcement."  (Doc. 1 at 2).  With absolutely no factual or legal support, Plaintiff claims that Defendants' actions also constitute Major Fraud, Misprision of Treason, and Treason.  (Doc. 1 at 2).

RICO was enacted to address "racketeering activity". The statute defines "racketeering activity" to encompass specified state and federal offenses, which are referred to as predicate acts. These predicate acts include any act indictable under enumerated federal statutes, 18 U.S.C. §§ 1961(1)(B)-(C), (E)-(G), specified crimes chargeable under state law, § 1961(1)(A), and any offense involving bankruptcy or securities fraud or drug-related activity that is punishable under federal law, § 1961(1)(D). Predicate acts can give rise to a RICO claim when they are part of a

"pattern of racketeering activity", which is defined as a series of related predicates that together demonstrate the existence or threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 239 (1989); see § 1961(5) (specifying that a "pattern of racketeering activity" requires at least two predicates committed within 10 years of each other).

RICO's § 1962 sets forth four specific prohibitions against use of a pattern of racketeering activity to infiltrate, control, or operate "a[n] enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." First, Section 1962(a) makes it unlawful to invest income derived from a pattern of racketeering activity in an enterprise. Second, Section 1962(b) makes it unlawful to acquire or maintain an interest in an enterprise through a pattern of racketeering activity. Third, Section 1962(c) makes it unlawful for a person employed by or associated with an enterprise to conduct the enterprise's affairs through a pattern of racketeering activity. Last, § 1962(d) makes it unlawful to conspire to violate any of the other three prohibitions. 18 U.S.C. § 1962(a).

Violations of § 1962 are subject to criminal penalties, § 1963(a). Civil proceedings to enforce the prohibitions of RICO may be brought by the U.S. Attorney General, §§ 1964(a)-(b). RICO also creates a private civil cause of action that allows "[a]ny person injured in his business or property by reason of a violation of section 1962" to sue in federal district court and recover treble damages, costs, and attorney's fees. § 1964(c). *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 136 S. Ct. 2090, 2096–97 (2016).

"RICO is to be read broadly." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985). To maintain a cause of action under § 1964(c), a plaintiff must plead and ultimately prove: (1) that the defendant violated § 1962; (2) that the plaintiff's business or property was injured; and (3) that the defendant's violation is the cause of that injury. *Id.*; *see RJR Nabisco*, 136 S.Ct. at 2096–97; *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017); *Robbins v. Wilkie,* 300 F.3d

1208, 1210 (10th Cir.2002). A pattern of racketeering activity must include commission of at least two predicate acts. *Resolution Trust Corp. v. Stone,* 998 F.2d 1534, 1543 (10th Cir.1993). Also, a plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962. *Robbins,* 300 F.3d at 1210; *Deck v. Engineered Laminates*, 349 F.3d 1253, 1256–57 (10th Cir. 2003); *Gillmor v. Thomas*, 490 F.3d 791, 797–98 (10th Cir. 2007).

Plaintiff's Civil Complaint does not state a RICO claim for relief.  Plaintiff does not factually allege that Defendants have engaged in any of the state or federal offenses that constitute racketeering activity for purposes of RICO. 18 U.S.C. §§ 1961(1). Further, the Court has found no authority for the proposition that an attorney employed by the Federal Public Defender even has a duty to report or enforce an alleged New Mexico statute requiring elected New Mexico officials to post a surety bond with the Secretary of State, much less that the failure to report or enforce the state statute constitutes racketeering activity.  The Civil Complaint wholly fails to state any claim for relief under RICO.  *RJR Nabisco*, 136 S.Ct. at 2096–97; *Safe Streets All. v. Hickenlooper*, 859 F.3d at 881.

Further, Plaintiff Joseph does not allege that Defendants have injured any business or property of Plaintiff.  Instead, Plaintiff claims that Defendants have failed to adequately represent him in violation of his rights to a fair trial and due process.  (Doc. 1 at 1).  Absent any claim that Defendants have injured Plaintiff in his business or property, the Civil Complaint fails to state any claim for relief under RICO.  *Robbins,* 300 F.3d at 1210.  Further absent the lack of an injury to Plaintiff's business or property, Plaintiff lack standing to bring any RICO claim. *Robbins,* 300 F.3d at 1210; *Deck v. Engineered Laminates*, 349 F.3d at 1256–57; *Gillmor v. Thomas*, 490 F.3d at 797–98. Therefore, the Court will dismiss Plaintiff's claims brought under RICO.

### B. Civil Rights Claims:

Although he insists his claims are under RICO, Plaintiff contends that Defendants have violated his rights to a fair trial and due process.  (Doc. 1 at 1).  The rights to a fair trial and due process are rights arising under the U.S. Constitution.  *See* U.S. Const. Amend. 5, 6.  The exclusive remedy for vindication of constitutional violations is a civil rights claim. *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994).   Therefore, because Plaintiff alleges violation of federal constitutional rights, his Civil Complaint could be construed as attempting to assert civil rights claims.

For violations of civil rights against state officials, the claim is brought under 42 U.S.C. § 1983.  *See*, *Baker v. McCollan,* 443 U.S. at 144 n. 3; *Albright v. Oliver,* 510 U.S. at 271. The case of *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) provides a comparable right of action against federal officials acting under color of federal law. To state a claim for relief under 42 U.S.C. § 1983 or *Bivens*, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 or a

*Bivens* action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Court could construe Joseph's Complaint to allege claims against Defendants U.S. Public Defenders Office and Skinner under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). However, the Complaint also fails to state any claim for relief pursuant to *Bivens*. To raise a *Bivens* claim, Joseph must show that Defendant Skinner was a federal officer acting under color of federal law. *Bivens,* 403 U.S. at 389. However, an attorney appointed by a federal court is not a federal officer and does not act under color of federal law when performing the traditional functions of counsel to a criminal defendant. *Weaver v. Frick,* No. 98–15362, 1999 WL 191413, at *1 (9th Cir. Mar.15, 1999) ("[A]n attorney appointed by the court does not act under color of state or federal law when performing the traditional functions of counsel to a criminal defendant."); *Anderson v. Sonenberg,* Nos. 96–5192, 96–5308, 1997 WL 196359, at *1 (D.C.Cir. Mar.13, 1997) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens.*"); *Bradford v. Shankman,* No. 85–5150, 1985 WL 13659, at *1 (6th Cir. Aug.12, 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *Davis v. United States,* No. CIV–06–1376–C, 2007 WL 983206, at *6 (W.D.Okla. Mar.29, 2007) (holding a federal public defender is not a federal officer for purposes of a *Bivens*-type action). As a result, public defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens. Allred v. McCaughey*, 257 F. App'x 91, 92–93 (10th Cir. 2007). Because Skinner is not a federal officer, Joseph cannot state a *Bivens* claim for relief against her.

Nor may Plaintiff maintain a *Bivens* claim against the U.S. Public Defenders Office. *Bivens* claims apply only to federal officials and claims may not be brought against a federal entity. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *Greenlee v. U.S. Postal Service,* 247 F.App'x 953, 955 (10th Cir. 2007). The Civil Complaint does not state a *Bivens* civil rights claim against the U.S. Public Defenders Office.

### C. Amendment Would Be Futile

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Civil Complaint would be futile. As set out, below, Joseph's claims are legally frivolous and unsupported by any coherent factual allegations. Moreover, Plaintiff has filed multiple cases in this court, giving him several opportunities to attempt to state a viable claim for relief. There does not appear to be any amendment Plaintiff could make that would cure the problems with his pleading. *Bradley v. Val-Mejias,* 379 F.3d at 901. The Court will dismiss the Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

### D. The Court Will Impose a Strike Under 28 U.S.C. § 1915(g):

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure

the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948).  However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989).  Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007).  Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

By statute, all claims by prisoners seeking redress against a governmental entity, officer, or employee are subject to frivolousness screening.  28 U.S.C. § 1915A(a).  Section 1915A provides: "[t]he court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall ... dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ... or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(a),(b)(l).

A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d at 1108 (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A determination of factual frivolousness is appropriate when the factual allegations rise to the level of irrational or wholly incredible.  *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A

delusional scenario will justify a 1915(d) dismissal for factual frivolousness. *See Neitzke v. Williams,* 490 U.S. at 327-28.  Dismissal is appropriate for a claim based on an indisputably meritless legal or factual theory. *Neitzke v. Williams*, 490 U.S. at 325–30; *Johnson v. Raemisch*, 763 F. App'x 731, 733 (10th Cir. 2019).  Plaintiff Joseph's Civil Complaint is wholly lacking in either legal or factual merit and is frivolous.

The Court also determines that Plaintiff Joseph's Complaint is malicious.  The Civil Complaint makes unfounded accusations and serious threatening statements against Defendants. (Doc. 1 at 2-3).  The Civil Complaint (as well as several of Joseph's other cases), appear to be interposed for the improper purposes of harassment and interfering with the pending criminal case against Joseph, in violation of Fed. R. Civ. P. 11(b)(1).

Because the Court concludes that Joseph's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B) and is frivolous and malicious, the Court will impose a strike against him under the Prison Litigation Reform Act§ 1915(g).  Joseph is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## IV.  Pending Motions

Pending before the Court are Plaintiff's Motion to Appoint Counsel (Doc. 2), Plaintiff's Motion to Proceed Pro Se (Doc. 8), and Plaintiff's Motion to Serve Subpoenas and Complaints (Doc. 9).  In his Motion to Proceed Pro Se, Plaintiff seeks to withdraw his Motion to Appoint Counsel and to proceed pro se in this case.  The Court will grant Plaintiff's Motion to Proceed Pro Se.  Plaintiff's Motion to Appoint Counsel (Doc. 2) is withdrawn and Plaintiff is permitted to continue proceeding pro se in this case.  Plaintiff's Motion to Serve Subpoenas and Complaints (Doc. 9) is denied as moot in light of the dismissal of this case.

**IT IS ORDERED:**

**(1)** Plaintiff Star Joseph's Motion to Proceed Pro Se (Doc. 8) is **GRANTED**, and his Motion to Appoint Counsel (Doc. 2) is **WITHDRAWN**;

**(2)**  Plaintiff's Motion to Serve Subpoenas and Complaints (Doc. 9) is **DENIED AS MOOT**;

**(3)**  Plaintiff must comply with the Court's Order of September 29, 2021 to make the initial partial payment and installment payments until the filing fee for this case is paid in full (Doc. 7);

**(4)** The Civil Complaint filed by Plaintiff Star Joseph (Doc. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim, for lack of standing, and as frivolous and malicious;

**(5)**  A strike is imposed against Plaintiff Star Joseph under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**