IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

        Plaintiff,

vs.                                                  No. 1:21-cv-00837-KWR-LF

U.S. PUBLIC DEFENDERS OFFICE,
AMANDA SKINNER, personally,

        Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte* in light of Plaintiff Star Joseph's lengthy pattern of abusive filings. For the reasons below, the Court will direct Joseph to show cause why it should not impose filing restrictions.

## BACKGROUND

Between July 2021 and October 2021, Joseph commenced multiple civil actions. Many expand on his theories about government corruption, but the recent cases are more varied. The complete list of Joseph's filings, including this case, is as follows:

    1. *Joseph v. U.S. Attorney's Office,* CV 21-00836 WJ/KRS (U.S. Attorneys' Office has committed misprision of treason by not having surety bonds on file at the Secretary of State's Office to comply with NMSA 10-2-7)

    2. *Joseph v. Albuquerque Police Department and U.S. Marshal's Service,* CV 21-00838 KWR/GJF (Defendant does not have a surety bond on file at the Secretary of State's Office, has committed treason and major fraud, and is engaged in a Racketeering Influenced Corrupt Organization)

    3. *Joseph v. Johnson,* CV 21-00895 RB/KK (alleging federal judges are operating as a Racketeering Influence Corrupt Organization)

    4. *Joseph v. U.S. Public Defenders Office*, No. CV 21-00903 MV/GJF (Defendants have committed misprision of treason, treason, and major fraud, and are engaged in a Racketeering Influenced Corrupt Organization because they have not reported the surety bond fraud scheme to

law enforcement. Defendant has also deprived Plaintiff of a fair trial and due process because Defendant has a contract with the United States constituting a conflict of interest)

      5. *Joseph v. United States Attorneys Office*, CV 21-00904 JCH/KBM. (alleging Defendant has committed misprision of treason by not prosecuting the officials who have committed treason by not having surety bonds on file at the Secretary of State's Office)

      6. *Joseph v. Johnson, et al.,* CV 21-00878 KG/SCY (Federal judges are operating a Racketeering Influenced Corrupt Organization)

      7. *Joseph v. U.S. Public Defenders Office,* CV 21-00837 KWR/KK (this case)

Plaintiff Joseph has submitted an additional 8 complaints that have been docketed in No. MC 21-00028 WJ:

      8. *Joseph v. Core Civic*, (Doc. 5) (Defendant does not have a surety bond that is required to perfect Defendant's oath of office as required by NMSA 10-2-7)

      9. *Joseph v. State of New Mexico Board of Finance,* (Doc. 12) (Defendant has committed misprision of treason by allowing elected officials to operate without surety bonds and committing treason by not recording and filing surety bonds)

      10. *Joseph v. Diersen Charities Residential Recovery Center LLC,* (Doc. 15) (Defendant is required to record and file a surety bond with the Secretary of State and is taking bribes from the Racketeering Influenced Corrupt Organization to assist human trafficking)

      11. *Joseph v. United States Probation Office, et al.,* (Doc. 16) (Defendants are operating a Racketeering Influence Corrupt Organization by trafficking citizens into incarceration for profit)

      12. *Joseph v. Thomas,* (Doc, 17) (Defendant federal probation officer is operating a Racketeering Influenced Corrupt Organization)

      13. *Joseph, et al., v. United States of America, et al.,* (Doc. 18) (Multi-Plaintiff complaint alleging all Federal Public Defenders, United States Attorneys, and Federal Judges are members of the BAR (British Accreditation Registry), are loyal to Britain, and must be removed from office and deported to Britain, their law licenses must be revoked and all of their assets forfeited)

      14. *Joseph v. State of New Mexico and State of New Mexico Elected Officials,* (Doc. 22) (Most officials are attorneys and BAR members and have committed treason by not having surety bonds on file with the Secretary of State

      15. *Joseph, et al., v. Jaramillo, et al.,* (Doc. 24) (Multi-Plaintiff complaint alleging Defendants must be criminally prosecuted for tampering with mail, and any attempt by the Court,

Clerk, Judge, or Prosecutor to divert, cancel, or derail this complaint will be deemed as adhering to and giving aid and comfort to the enemy RICO)

Each Complaint typically seeks between $5 Million to $100 Million in damages, forfeiture of all of Defendants' assets to Plaintiff, arrest/prosecution of the Defendants and, in many cases, imposition of the death penalty against Defendants, release of Plaintiff from custody and expungement of Plaintiff's criminal record. In addition, several of the complaints are unsigned, in violation of Fed. R. Civ. P. 11.

Joseph has not paid the filing fee for any of the civil actions he has commenced. The Court entered cure orders in most cases and mailed him blank *in forma pauperis* applications. He has filed *in forma pauperis* applications in some cases but, as in this case, has sought to discharge his obligation to pay the filing fees for his civil cases based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender. *See Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996).

## DISCUSSION

Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (internal quotation marks omitted). Filing restrictions "are appropriate where [1] the litigant's lengthy and abusive history is set forth; [2] the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and [3] the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). The first element is clearly met in this case, as Joseph has filed at least 15 cases in the past months. Although "[l]itigiousness alone will not support an injunction restricting filing activities," *see Jones v. Jones*, 820 Fed. App'x 659, 669 (10th Cir. 2020). The

Court has rejected as frivolous and malicious Plaintiff Joseph's theories regarding failure to file surety bonds and operation of a racketeering organization by federal officials. The Court has also noted that Plaintiff's civil complaints appear to be interposed for improper purposes including harassment of the defense, prosecution, and judges and interference with his criminal case, in violation of Fed. R. Civ. P. 11. (Doc. 10 at 11-13).  Last, the nature and frequency of Joseph's filings are burdensome, disproportionately diverting the Court's time and resources away from the thousands of other civil and criminal cases that are pending before and must be addressed by this Court.

When crafting an appropriate restriction, the Tenth Circuit distinguishes between "indiscriminate filers and those who have limited their repetitive filings to a particular subject" or defendant.  *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008).  Courts are discouraged from imposing blanket restrictions, at least a first measure, to "include any subject matter and any party." *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1345 (10th Cir. 2006).  Most courts start by imposing restrictions on "future matters related to the subject matter of [the litigant's prior] federal lawsuits."  *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007)

From a practical standpoint, subject matter restrictions are likely ineffective as to Joseph. Although his main focus is the surety bond issue/racketeering, his complaints touch on a myriad of other topics such as attorney membership in bar organizations, operation of residential recovery centers, tampering with mail, and human trafficking. Although there is some overlap, most of the complaints also name separate defendants.  Limiting Joseph as to subject matter would just mean that instead of screening unknown numbers of complaints on the record under 28 U.S.C. § 1915(e),

4

the process would move off the record to screen claims against the restrictions.[1]  And, since most of Joseph's filings are mixed pleadings - referencing surety bond/racketeering along with other, novel issues - he would generally remain free to keep filing cases unhampered by the subject matter restrictions.  At the same time, the Tenth Circuit regularly rejects blanket restrictions imposed as a first line of defense against abusive filers.  *See, e.g., Kraft v. Hatch*, 853 Fed. App'x 261, 267 (10th Cir. 2021).

In light of these considerations and the unusual nature of this matter, the Court plans to restrict Joseph to filing one *pro se* civil case or habeas petition per month.  The Tenth Circuit has approved this arrangement in at least one other case where the petitioner filed 40+ cases; raised non meritorious claims; and regularly failed to prosecute the matters after filing.  *See Pinson v. Berkebile,* 601 Fed. App'x 611, 616 (10th Cir. 2015).  This arrangement is also appropriate because Joseph is a detainee pending final hearing on revocation of his supervised release.  He can promptly address any concerns he has with his detention by filing a motion in the pending criminal matter or by filing a single civil case.  The restrictions do not apply to filings signed by a licensed attorney who is admitted to practice before this Court.  They are also limited to filings in this Court and will not apply to pleadings submitted before a final order is entered on restrictions.

If imposed, the restrictions will take effect November 1, 2021.  The Clerk will accept and

---

[1] This assumes the process would even happen off the record, which is uncommon.  Most recent Tenth Circuit cases reflect that the Circuit Clerk opens a new civil case submitted by a restricted filer and then dismisses the matter if it violates restrictions.  *See, e.g., United States v. Twitty,* 839 Fed. App'x 255, 257 (10th Cir. 2020); *Lipin v. Wisehart Springs Inn, Inc.*, 843 Fed. App'x 103, 110–11 (10th Cir. 2021); *Nelson v. Gallagher*, 2021 WL 2179323, at *2–3 (10th Cir. 2021).

This process, while appropriate in most cases, provides further evidence that a subject matter restriction would not work in this instance.  The Court would continue to be overwhelmed with the sheer volume of Joseph's abusive complaints, regardless of whether certain filings were ultimately dismissed as restricted.

file the first *pro se* civil complaint <u>or</u> *pro se* habeas petition that the Clerk receives from Joseph starting on November 1, 2021 and each month thereafter.  Any *pro se* complaints or petitions filed by Joseph after he files his single civil complaint/petition for a given month will be returned to Joseph unfiled.  The Clerk will not "bank" cases for Joseph until the next month.  The process will start over on the first day of each month, so to ensure acceptance of the desired complaint, Joseph should mail his single *pro se* case in the first few days of each month.  Joseph's monthly *pro se* civil complaint or habeas petition will be limited to 25 pages, handwritten or in 12-point font, with one-inch margins.  Notwithstanding these restrictions, any civil complaints will still be subject to 28 U.S.C. § 1915.  That means Joseph must still address the filing fee in each case, if the Court dismisses three or more complaints as frivolous or for failure to state a claim, Joseph cannot proceed *in forma pauperis* unless he is in imminent danger.  *See* 28 U.S.C. § 1915(g) (setting forth the three-strike rule).

Joseph is finally warned that as a *pro se* party, he is not permitted to represent other detainees in their suits against the Court.  As the Tenth Circuit explained, "the competence of a layman is clearly too limited to allow him to risk the rights of others."  *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (quotations omitted).  If Joseph continues prosecuting actions for other inmates, the Court may intervene on that issue.  The Court may also impose a blanket filing restriction on Joseph if he continues to file frivolous claims.

Accordingly, **IT IS ORDERED** that **within twenty (20) days of entry of this Order**, Joseph may file written objections, limited to fifteen pages, to these proposed restrictions.  The objections **<u>must</u>** be submitted in this case, labelled with this case number (CV 21-00837 KWR/LF).  The Court will not search through each of Joseph's other dockets for a misdirected response.

Nothing in this Order excuses Joseph from complying with directives in other cases.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**