## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

      Plaintiff,

vs.                                                                               No. 1:21-cv-00837-KWR-LF

U.S. PUBLIC DEFENDERS OFFICE,
AMANDA SKINNER, personally,

      Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION

**THIS MATTER** is before the Court on the Objection to Memorandum Opinion and Order Imposing Filing Restrictions filed by Plaintiff Star Joseph on November 8, 2021 (Doc. 20). The Court **WILL OVERRULE** Plaintiff Joseph's Objections and, to the extent Joseph's Objection can be construed as a post-judgment motion for relief, the Court **WILL DENY** the motion.

Plaintiff Star Joseph is part of a group of federal detainees that has engaged in the abusive filing as many as 100 cases with this Court in less than six months. *See Sharp v. State of New Mexico,* CV 21-00700 WJ/SMV; *Jacobo-Rosas v. United States,* CV 21-00791 JCH/KBM; *In re Cibola County Federal Detainee Litigation,* MC 21-00028 WJ. Plaintiff Joseph's abusive litigation history is set out in the Court's October 7, 2021 Memorandum Opinion and Order to Show Cause. (Doc. 13). The Court's October 7, 2021 Memorandum Opinion and Order directed Plaintiff Joseph to show cause why filing restrictions should not be imposed against him within 21 days. (Doc. 13). Joseph filed his Objections on October 14, 2021. (Doc. 15). Rather than addressing the Court's concerns with his abusive litigation history, Joseph simply reiterated the meritless claims he has asserted in this and several other cases. Therefore, on October 28, 2021, the Court overruled Joseph's Objections and imposed filing restrictions, restricting Joseph to filing

only one case per month. (Doc. 19).

Joseph then filed his Objection to Memorandum Opinion and Order Imposing Filing Restrictions on November 8, 2021. (Doc. 20). Plaintiff Joseph filed a Notice of Appeal on November 24, 2021, appealing the filing restrictions to the United States Court of Appeals. (Doc. 21). The Tenth Circuit then ordered the appeal held in abeyance until the Court rules on Joseph's November 8, 2021 Objection. (Doc. 24).

Plaintiff Joseph objects to the Court's Memorandum Opinion and Order Imposing Filing Restrictions on several grounds. First, he claims that he cured the deficiency in this case by submitting a signed civil complaint. (Doc. 20 at 1). However, there was notice of an unsigned pleading in this case, nor was there any order to cure deficiency. Instead, this case was dismissed for failure to state a claim for relief, for lack of standing, and as frivolous and malicious. (Doc. 10). The fact that Plaintiff Joseph filed a signed civil complaint in this case is wholly immaterial to the imposition of filing restrictions.

Second, Plaintiff Joseph attempts to excuse his non-payment of the filing fees in a number of his cases by claiming that he is entitled to have the fees discharged under a June 5, 1933 public law. (Doc. 20 at 1-2). The Court has already explained to Plaintiff Joseph that payment of the filing fee for each of his civil cases is mandatory under 28 U.S.C. §§ 1914 and 1915 and cannot be excused by the Court. The public law that Joseph purports to rely on permitted contracts previously based on the gold standard to be deemed discharged by payment in any form of legal tender. *See Adams v. Burlington Northern Railroad*, 80 F.3d 1377 (9th Cir. 1996). The 1933 law does not authorize discharge of the statutory requirement to pay the fees and costs, nor does it, in any way, relieve Plaintiff of his obligation to pay the entire $350.00 filing fee for every civil action he files in this Court.

Third, Plaintiff argues his claims are not frivolous or malicious. He again asserts his baseless argument that the Defendant federal public defenders have some obligation to enforce a New Mexico state statute allegedly requiring New Mexico elected officials to post surety bonds with the New Mexico Secretary of State. He claims that Defendants' failure to do so makes them complicit in a racketeering scheme and constitutes treason. (Doc. 20 at 2-4). The Court has already determined that his allegations lack any legal or factual basis and are patently frivolous. *Hall v. Bellmon,* 935 F.2d 1106, 1108 (10th Cir.1991) (A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations). Plaintiff Joseph's insistence on continuing to advance arguments that have already been rejected by this Court in several cases supports the Court's decision to impose filing restrictions. *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) ("[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.").

Last, Plaintiff Joseph again reargues that the Judges of this Court and all lawyers are members of some fictitious "British Accreditation Registry," and use British titles of nobility, like "Esquire." Therefore, they are loyal to Britain, no longer citizens of the United States, should have their licenses revoked, and any ruling by the Judges of this Court are, as a result, null and void. (Doc. 20 at 4-5). Plaintiff has repeatedly been informed that his accusations lack any factual or legal merit. His insistence on repeatedly advancing them continues to consume a disproportionate amount of the Court's time and resources, and is grounds supporting the Court's imposition of filing restrictions. *Tripati v. Beaman,* 878 F.2d at 353. *See, also, Joseph v. U.S. Public Defenders Office*, No. CV 21-00903 MV/GJF. The Court will overrule Plaintiff Joseph's Objection.

Plaintiff does not use the word "motion" in his Objection. However, the Objection was filed within 28 days after the Memorandum Opinion and Order Imposing Filing Restrictions and

might possibly be construed as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment. To the extent the Objection may be construed as a Rule 59(e) motion, the Court will deny the motion. Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff Joseph does not argue an intervening change in the law, new evidence, or clear error. Instead, as set out, above, he seeks to reargue the same allegations and theories that have been repeatedly rejected in this and other cases. Plaintiff Joseph's Objection does not afford any basis for Rule 59(e) relief. *Van Skiver v. United States,* 952 F.2d at 1243; *Servants of Paraclete v. Does*, 204 F.3d at 1012.

**IT IS ORDERED:**

**(1)** the Objection to Memorandum Opinion and Order Imposing Filing Restrictions filed by Plaintiff Star Joseph on November 8, 2021 (Doc. 20) is **OVERRULED** and, to the extent the filing constitutes a Fed. R. Civ. P. 59(e) motion, the motion is **DENIED**; and

**(2)** the Clerk's Office is **DIRECTED TO TRANSMIT** a supplemental record proper to the United States Court of Appeals for the Tenth Circuit, appeal No. 21-2142, notifying the Tenth Circuit of this ruling.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**